UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| In re:<br>Christopher Mark Gelineau<br>Hillary Anne Gelineau<br>12660 Elk Ridge Crossing<br>Holly, MI 48442<br>Debtors | Case No: 25-45419-tjt<br>Chapter 7<br>Hon. Thomas J. Tucker |
| Motown Battery Company, Inc.<br>Plaintiff<br>-vs-<br>Christopher Mark Gelineau, and<br>Hillary Anne Gelineau<br>Defendants | Adv. Proc. No. 25-04170-tjt<br>Hon. Thomas J. Tucker |

**DEFENDANTS OBJECTION TO SUBMISSION OF ORDER FOR ENTRY PURSUANT TO L.B.R. 9021-1(a)(4)**

NOW COMES Debtors, by and through Counsel, and for their objection to the Submission of Order for Entry Pursuant to LBR 9021-1(a)(4) and states as follows:

1. Debtors filed for Chapter 7 bankruptcy relief on May 27, 2025.
2. Plaintiff filed an adversary Proceeding (Case #25-4070) against both defendants/Debtors Objecting to the Discharge.

3. At a Mediation held on June 4, 2026, with Mediator Attorney Michael Baum, the Parties resolved this Adversary Proceeding, signed off on a Term Sheet, and agreed to the execution of a formal settlement agreement. See Term Sheet attached as Exhibit A.
4. Plaintiff and Defendant were working on drafting the Stipulated Consent Judgment of Nondischargeability and the Stipulated Order Reopening the Civil Case for Purposes of Entry of a Consent Judgment, and were still attempting to finalize the terms.
5. Plaintiff's deadline to file the agreed consent judgement was by June 23, 2026.
6. Instead, Plaintiff filed the Notice of Presentment of the 7 day Order.
7. Defendants have reviewed the Order of Dismissal and Judgment of Nondischargeability along with the Stipulated Order Reopening the Civil case, and hereby object to the following:
    a. Order of Dismissal #9 – Plaintiff added language that Defendant H. Gelineau's monthly payments are to be made payable to and sent to Motown Battery Company, Inc. by ACH/electronic banking and through a financial institution provided by email to Defendants or their counsel (which may be updated by similar notice in writing). Defendant H. Gelineau never agreed to ACH payments. Due to the fact that ACH payments are an added cost to the Defendant through their bank

processing fees, Defendant is objecting to this form of monthly payments. Instead, Defendant has agreed to make payments via Zelle, which will provide for a means of making payment at no cost to either party, and create a digital record of timely payment for both parties.

b. Order of Dismissal #24 - The Plaintiff added a deadline of July 1, 2026, to pay the mediator Michael Baum the balance of the mediation services. Defendants were never provided with a deadline to pay the balance by mediator Michael Baum, and are requesting until August 1, 2026 to pay the balance of the fees they owe to the Mediator.

c. Stipulated Order Reopening Civil Case #4 – Plaintiffs have added language that interest shall accrue and compound annually on the Consent Judgment from the date of the Order. This was never discussed or agreed upon at mediation, and is not in the Term Sheet signed by both parties. In fact, the Term Sheet specifically states that in the event of any default that has not been cured, Plaintiff shall be entitled to enforce the Nondischargeable Judgement plus the cost of collection and enforcement, including actual attorneys fees. Defendants did not agree to allow interest to accrue at any point, whether or not they were in default on payments to Plaintiff.

d. Stipulated Order Reopening Civil Case (Exhibit B) – Plaintiff provided Defendants with the Stipulated Order for review only one (1) day before filing the Notice of Submission of Order. Defendants and their counsel did not approve the proposed Stipulated Order, did not execute the proposed Stipulation, and did not authorize Plaintiff or Plaintiff's counsel to affix or electronically sign their names to the proposed Order. Despite the absence of Defendants' approval or authorization, the proposed Stipulated Order submitted to the Court reflects the signatures of all parties, thereby creating the appearance that the parties mutually agreed to the terms of the proposed Order. Defendants expressly deny that they agreed to the proposed Stipulated Order in its present form. Defendant and Defendants' counsel specifically object to the language contained in paragraph #4 (as expressed in paragraph (c) above) regarding the assessment of interest. Because the parties have not reached agreement on that provision, neither Defendant nor Defendants' counsel has approved or executed the Stipulated Order in its current form.

WHEREFORE, for the foregoing reasons, Defendants/Debtors respectfully request that this honorable Court decline to enter the Order of Dismissal and Judgment of Nondischargeability and the Stipulated Order Reopening Civil Case as submitted by Plaintiff, and require the removal of any unauthorized signatures or electronic signatures attributed to Defendants and their counsel.

s/ Edward J. Gudeman
Edward J. Gudeman (P14454)
Gudeman & Associates, PC
Attorney for Defendants
401 N. Main St.
Royal Oak, MI 48067
ecf@gudemanlaw.com
(248) 546-2800

Dated: June 30, 2026

EXHIBIT A

**TERM SHEET**

Motown Battery Company, Inc. ("Plaintiff") and Christopher Mark Gelineau ("Christopher") and Hillary Anne Gelineau ("Hillary") (collectively the "Defendants") (the collectively the "Parties") agree as follows:

1. Plaintiff shall have a non-dischargeable judgment against Hillary in the amount of $150,000.00 (the "Non-Dischargeable Judgment") which shall be held by Plaintiff as a pocket judgment to be enforced in Case No. 24-211656-CB pending in the Oakland County Circuit Court.

2. Provided that there is no default in the payments described below, Plaintiff shall be precluded and enjoined from enforcing in any way, the Non-Dischargeable Judgment.

3. The claims in Adversary Proceeding Case No. 25-4170 against Christopher shall be dismissed without prejudice and without any further cost to either party.

4. The Defendants agree to pay to Plaintiff the total of $81,000.00 (the "Payment Amount"). The Payment Amount shall be paid as follows:

a. The Payment Amount shall be reduced by any and all proceeds Plaintiff shall receive from the Trustee in the chapter 7 bankruptcy case of the Defendants, Case No. 25-45419.

b. The balance owed after crediting to the Payment Amount, the above distribution shall be paid by the Defendants to Plaintiff in the amount of $500.00 ("Monthly Payment") beginning on the later of (i) 15th day of the first calendar month following dismissal of this adversary proceeding, or (ii) August 15, 2026.

c. Beginning on the 15th day of the first calendar month following the administrative closing of this estate, the Monthly Payment shall be increased to $750.00 per month for a period of twelve (12) months and thereafter, the Monthly Payments shall be in the amount of $1,000.00 per month until the Payment Amount has been fully satisfied.

d. In the event of any default in payment which has not been cured within fifteen (15) days after written notice of a default, Plaintiff shall be entitled to enforce or collect upon the Non-Dischargeable Judgment with credit for any funds paid pursuant to this settlement agreement, plus the cost of collection and enforcement of the Non-Dischargeable Judgment, including actual attorney fees.

{01172940.1}

e. A Notice of Default shall be sent by written email to Plaintiff's Counsel, Ed Gudeman at ejgudeman@gudemanlaw.com and by email directly to the Defendants at Hillaryn925@yahoo.com.

f. Upon receipt of written notice, Hillary shall have a period of fifteen (15) days to cure the payment. If the payment is not cured, it shall be deemed a default and Plaintiff shall have the right to pursue enforcement for the Non-Dischargeable Judgment.

g. Upon full payment of the Payment Amount, the Non-Dischargeable Judgment shall be deemed fully satisfied.

5. This Term Sheet may be subject to the execution of a formal settlement agreement and may be subject to the approval of the Bankruptcy Court. Nevertheless, the Parties agree to be bound by this Term Sheet and they each authorize the mediator to testify about this Term Sheet and the existence of this settlement, this Term Sheet, its terms and the fact that there is an agreement to settle this case in accordance with the terms contained herein.

6. PDF signatures shall be considered an original and this document may be signed in counterparts and this Term Sheet shall only be effective upon receipt by the mediator of signatures of all Parties set forth below.

MOTOWN BATTERY COMPANY, INC.

By: ______________________
Christopher Miltimore
Plaintiff

______________________
Leighana Moss
Counsel for Plaintiff

______________________
Christopher Mark Gelineau
Defendant

______________________
Hillary Anne Gelineau
Defendant

______________________
Edward Gudeman
Counsel for Defendants

Dated: June 4, 2026

{01172980.1}

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| In re:<br>Christopher Mark Gelineau<br>Hillary Anne Gelineau<br>12660 Elk Ridge Crossing<br>Holly, MI 48442<br>Debtors | )<br>)<br>)<br>)<br>)<br>) | Case No: 25-45419-tjt<br><br>Chapter 17<br><br>Hon. Thomas J. Tucker |
| Motown Battery Company, Inc.<br><br>Plaintiff<br><br>-vs-<br><br>Christopher Mark Gelineau, and<br>Hillary Anne Gelineau<br><br>Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Adv. Proc. No. 25-04170-tjt<br><br>Hon. Thomas J. Tucker |

CERTIFICATE OF SERVICE

Counsel for Defendant(s) certifies that on June 30, 2026, he served Defendants Objection to Submission of Order for Entry Pursuant to L.B.R. 9021-1(a)(4) and this Certificate of Service upon Plaintiffs Counsel by way of electronic notification through the ECF system.

Respectfully Submitted,

*/s/ Edward Gudeman*
Edward J. Gudeman (P-14454)
Gudeman & Associates, PC
Attorneys for Debtor
401 N. Main St.
Royal Oak, MI 48067
Phone: 248.546.2800
Email:ecf@gudemanlaw.com

Dated: June 30, 2026