UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| In re:<br>Christopher Mark Gelineau<br>Hillary Anne Gelineau<br>12660 Elk Ridge Crossing<br>Holly, MI 48442<br><br>Debtors | )<br>)<br>)<br>)<br>)<br>) | Case No: 25-45419-tjt<br><br>Chapter 7<br><br>Hon. Thomas J. Tucker |
| Motown Battery Company, Inc.<br><br>Plaintiff<br><br>-vs-<br><br>Christopher Mark Gelineau, and<br>Hillary Anne Gelineau<br><br>Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Adv. Proc. No. 25-04170-tjt<br><br>Hon. Thomas J. Tucker |

**CONSENT JUDGMENT OF NONDISCHARGEABILITY**

**AND STIPULATION FOR ORDER OF DISMISSAL**

Plaintiff, Motown Battery Company, Inc., by and through its counsel, Moss Law, PLC and Defendants/Debtors, Christopher M. Gelineau and Hillary A. Gelineau, by and through its counsel, Gudeman & Associates, PC (jointly the Plaintiff and Defendants referred to as the "Parties"), hereby stipulate as follows:

1. On May 27, 2025, Christopher M. Gelineau and Hillary A. Gelineau (the "Defendants" or "Debtors") filed a petition for relief under Chapter 7 of the U.S. Bankruptcy Code.

2. Prior to the filing of the Chapter 7 Petition, Motown Battery Company, Inc. (the "Plaintiff") had filed a lawsuit in the Oakland County Circuit Court in the State of Michigan (Case

No. 24-211656-CB) alleging the Defendants were indebted to Plaintiff in the amount of $441,425.28. This lawsuit was stayed due to the bankruptcy filing.

3. Plaintiff filed a Proof of Claim (Claim #13) in the Chapter 7 case alleging Debtors were indebted to the Plaintiff for the same amount of $441,425.28.

4. Plaintiff then filed an Adversary Proceeding (Case No. 25-4170) against both Defendants/Debtors objecting to the discharge of the debt pursuant to 11 U.S.C. Section 523(a)(2)(B) and 523(a)(6).

5. At a Mediation held on June 4, 2026, with Mediator Attorney Michael Baum, the Parties resolved this Adversary Proceeding, signed off on a Term Sheet and agreed to the execution of a formal settlement agreement. See Term Sheet attached as Exhibit A.

## AGREEMENT

6. The Parties agree that the sum of One Hundred Fifty Thousand Dollars and 00/100 ($150,000.00) owed by the Defendants to the Plaintiff shall not be discharged by order of this Court, and Plaintiff shall be granted judgment (the "Non-Dischargeable Consent Judgment") against Defendant Debtor Hillary Anne Gelineau ("H.Gelineau") in this amount, however such amount may be fully satisfied through a payment of Eighty-One Thousand Dollars 00/100 ($81,000.00) to Plaintiff as described herein.

7. Defendant H.Gelineau shall pay the sum of $81,000.00 (the "Payment Amount") to Plaintiff in accordance with the attached Term Sheet (Exhibit A). While not in default, such Payment Amount shall not bear interest.

8. Any and all claims against Defendant/Debtor Christopher Mark Gelineau shall be dismissed with prejudice and without any further cost to either party.

9. Defendant H.Gelineau's monthly payments are to be made payable to and sent to Motown Battery Company, Inc., via Zelle Electronic Transfer to the financial institution of Plaintiff. Plaintiff is required to provide Defendant with accurate banking information for a Zelle compatible bank account immediately upon entry of this Order. If Plaintiff updates their financial institution at any time during the course of the settlement payments, prior to the "Payment Amount" being fully satisfied, Plaintiff shall immediately provide Defendant H.Gelineau written notice of updated and accurate banking information for a Zelle compatible bank account. Upon Plaintiff closing or updating any financial institution that causes a delay in the receipt of the Defendant's monthly payment, such delay shall not be construed as a default against the Defendant, and Defendant shall have a minimum of 15 days after receiving updated Zelle banking information to submit that month's payment to the updated Zelle compatible financial institution. In the event Plaintiff does not provide Defendant H.Gelineau a Zelle compatible financial institution for a timely payment to Plaintiff, or Plaintiff does not provide an alternative financial institution for Zelle payments, payments may be made by Check or ACH unless and until the alternative Zelle banking information is provided. Checks shall be made payable to Plaintiff and mailed to the Plaintiff at Chris Miltimore, 2375 Cloverlawn Ave., Bloomfield Township, MI 48302, unless Plaintiff notifies Defendant H.Gelineau of a new or updated mailing address at least 15 days prior to payment due date. Notice of current and updated banking information and addresses may be provided by email to Defendant H.Gelineau at hillaryn925@yahoo.com or to her counsel (which may be updated by similar notice in writing). Payment by Zelle, check or ACH shall provide evidence to both Parties of timely payment.

10. Defendant H.Gelineau shall be entitled to a credit against the "Payment Amount" and the "Non-Dischargeable Consent Judgment" amount for all sums received by Plaintiff from

the Trustee in the Chapter 7 Bankruptcy Case No. 25-45419 on Plaintiff's Proof of Claim #13 in the Claims Register. The amount credited shall reduce the obligation due. Defendants/Debtors will not bring any objections to Plaintiff's Claim #13 in the Bankruptcy Case, or as modified or amended.

11. If Defendant H.Gelineau does not default in the payment schedule set forth in the Term Sheet, and the Payment Amount of $81,000.00 is paid in full (including any credit for payment on Plaintiff's Proof of Claim, monthly payments, lump sum payments, etc.) then the Non-Dischargeable Consent Judgment in this case will be deemed fully satisfied.

12. In the event Defendant defaults in payments, Defendant shall be entitled to notice of the default and the opportunity to cure the default in accordance with the Term Sheet.

13. If the default is not cured, Plaintiff shall be entitled to enforce or collect upon the Non-Dischargeable Consent Judgment in the amount of $150,000.00 with credit to Defendant for any funds paid pursuant to the Term Sheet agreement. In addition, Plaintiff will be entitled to add to the Non-Dischargeable Consent Judgment the cost of collection and enforcement of the Non-Dischargeable Judgment and actual attorney fees.

14. If Defendant defaults and the default is not cured, Plaintiff shall have the right to enforce the Non-Dischargeable Consent Judgment, pursue any legally available remedy without further notice, and without need for further relief from the automatic stay in any bankruptcy proceeding in which the Defendant is a Debtor pursuant to 11 U.S.C. § 362(c)(2)(C).

15. Plaintiff will refrain from pursuing its collection rights so long as Defendant continues to make payment on a regular, timely basis in accordance with the Term Sheet. The failure of the Plaintiff to enforce any of the remedies provided to it herein will not be deemed a waiver of those rights.

16. The Parties agree that Plaintiff shall have a non-dischargeable state court judgment against Hillary Gelineau in the amount of $150,000.00 which shall be held by Plaintiff as a pocket judgment (the "Nondischargeable Pocket Judgment") to be enforced in Case No. 24-211656-CB pending in the Oakland County Circuit Court. See Exhibit B. If the Defendant defaults in payments without cure, the Defendant unconditionally consents to the entry of the Nondischargeable Pocket Judgment attached as Exhibit B plus the cost of collection and enforcement of the Non-Dischargeable Pocket Judgment and actual attorney fees (with credit to Defendant H.Gelineau for any funds paid pursuant to this Consent Judgment).

17. Provided that there is no default in the payments described in the attached Term Sheet (Exhibit A), Plaintiff shall be precluded and enjoined from enforcing in any way the Nondischargeable Pocket Judgment.

18. Upon full payment of the "Payment Amount" of $81,000, including any credit for payments from the Chapter 7 Trustee, monthly payments, lump sum payments, etc., the Non-Dischargeable Consent Judgment shall be deemed fully satisfied and the Nondischargeable Pocket Judgment shall be unenforceable.

19. This Non-Dischargeable Consent Judgment with the Term Sheet embodies the entire understanding of the Parties and all of the terms and conditions with respect to the matters discussed herein; it supersedes and annuls any and all other or former agreements, contracts, promises, or representations, whether written or oral, expressed or implied, made by, for, or on behalf of the Parties; and it may not be altered, superseded, or otherwise modified except in a writing signed by the party to be charged.

20. This Non-Dischargeable Consent Judgment with the Term Sheet Agreement must be construed in accordance with the laws of the State of Michigan. The Parties agree to cooperate

fully and execute any and all supplementary documents and to take all additional actions that may be necessary or appropriate to give full force and effect to the basic terms and intent of this Non-Dischargeable Consent Judgment.

21. Time is of the essence in this agreement. Any failure to remit timely payment will be deemed a violation of the Non-Dischargeable Consent Judgment and be grounds for the initiation of collection activity.

22. Plaintiff and Defendants acknowledge and understand that by entering into this Consent Judgment, they are voluntarily waiving their respective rights to a trial in the above-captioned adversary proceeding and any rights that may have arisen had they prevailed at trial. Plaintiff and Defendants further represent that they have carefully considered the terms of this Consent Judgment in consultation with counsel of their choosing or have knowingly and voluntarily elected not to seek such consultation despite having had the opportunity to do so.

23. No party may seek to rescind this agreement, whether for mistakes, fraud, change of circumstance or the like.

24. The Plaintiff and Defendants will pay the mediator Michael Baum a total of $3,000.00 for services ($1,500.00 from Plaintiff and $1,500.00 from Defendants) on or before August 1, 2026, of which $400.00 total has already been paid ($200.00 by each party); and otherwise, each party is responsible for their own attorney fees and costs in this matter.

25. Any appeal rights of Defendants with respect to this Order and Nondischargeable Consent Judgment are waived.

26. This Consent Judgment is nondischargeable pursuant to 11 U.S.C. §523 in this or any other subsequent Bankruptcy proceeding filed by the Defendants.

27. There are no other remaining issues related to this Adversary Proceeding which may be dismissed by this Court.

The Parties respectfully stipulate to the above.

*/s/ Leigh D. Moss*

Leigh D. Moss (P51352)
Moss Law, PLC
Attorney for Plaintiff
4190 Telegraph Road, Suite 3000
Bloomfield Hills, MI 48304
(248) 847-3555
lmoss@mosslawplc.com

Dated: July 22, 2026

*/s/ Edward J. Gudeman*

Edward J. Gudeman (P14454)
Gudeman & Associates, PC
Attorney for Defendants
401 N. Main St.
Royal Oak, MI 48067
ejg@gudemanlaw.com
(248) 546-2800

Dated: July 22, 2026

/s/ Hillary Anne Gelineau

Hillary Anne Gelineau
Defendant/Debtor

Dated: July 22, 2026

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| Christopher Mark Gelineau | ) | Case No: 25-45419-tjt |
| Hillary Anne Gelineau | ) | |
| 12660 Elk Ridge Crossing | ) | Chapter 7 |
| Holly, MI 48442 | ) | |
| | ) | Hon. Thomas J. Tucker |
| Debtors | | |

| | | |
|---|---|---|
| | ) | |
| Motown Battery Company, Inc. | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | Adv. Proc. No. 25-04170-tjt |
| -vs- | ) | |
| | ) | Hon. Thomas J. Tucker |
| Christopher Mark Gelineau, and | ) | |
| Hillary Anne Gelineau | ) | |
| | ) | |
| Defendants | | |

## ORDER OF DISMISSAL

## AND CONSENT JUDGMENT OF NONDISCHARGEABILITY

The Court has considered the pleadings, the Stipulation for Order of Dismissal and Non-Dischargeable Consent Judgment executed by the Parties. Final judgment is hereby entered ordering the sum of $150,000.00 to be nondischargeable pursuant to 11 U.S.C. Section 523(a)(2)(B) and 523(a)(6) as against Defendant Debtor Hillary Anne Gelineau and in favor of Plaintiff Motown Battery Company, Inc. The terms of the Consent Judgment of Nondischargeability and Stipulation for Order of Dismissal with attached Term Sheet executed by the Parties are incorporated herein by reference.