EXHIBIT A

# TERM SHEET

Motown Battery Company, Inc. ("Plaintiff") and Christopher Mark Gelineau ("Christopher") and Hillary Anne Gelineau ("Hillary") (collectively the "Defendants") (the collectively the "Parties") agree as follows:

1. Plaintiff shall have a non-dischargeable judgment against Hillary in the amount of $150,000.00 (the "Non-Dischargeable Judgment") which shall be held by Plaintiff as a pocket judgment to be enforced in Case No. 24-211656-CB pending in the Oakland County Circuit Court.

2. Provided that there is no default in the payments described below, Plaintiff shall be precluded and enjoined from enforcing in any way, the Non-Dischargeable Judgment.

3. The claims in Adversary Proceeding Case No. 25-4170 against Christopher shall be dismissed without prejudice and without any further cost to either party.

4. The Defendants agree to pay to Plaintiff the total of $81,000.00 (the "Payment Amount"). The Payment Amount shall be paid as follows:

   a. The Payment Amount shall be reduced by any and all proceeds Plaintiff shall receive from the Trustee in the chapter 7 bankruptcy case of the Defendants, Case No. 25-45419.

   b. The balance owed after crediting to the Payment Amount, the above distribution shall be paid by the Defendants to Plaintiff in the amount of $500.00 ("Monthly Payment") beginning on the later of (i) 15th day of the first calendar month following dismissal of this adversary proceeding, or (ii) August 15, 2026.

   c. Beginning on the 15th day of the first calendar month following the administrative closing of this estate, the Monthly Payment shall be increased to $750.00 per month for a period of twelve (12) months and thereafter, the Monthly Payments shall be in the amount of $1,000.00 per month until the Payment Amount has been fully satisfied.

   d. In the event of any default in payment which has not been cured within fifteen (15) days after written notice of a default, Plaintiff shall be entitled to enforce or collect upon the Non-Dischargeable Judgment with credit for any funds paid pursuant to this settlement agreement, plus the cost of collection and enforcement of the Non-Dischargeable Judgment, including actual attorney fees.

e. A Notice of Default shall be sent by written email to Plaintiff's Counsel, Ed Gudeman at ejgudeman@gudemanlaw.com and by email directly to the Defendants at Hillaryn925@yahoo.com.

f. Upon receipt of written notice, Hillary shall have a period of fifteen (15) days to cure the payment. If the payment is not cured, it shall be deemed a default and Plaintiff shall have the right to pursue enforcement for the Non-Dischargeable Judgment.

g. Upon full payment of the Payment Amount, the Non-Dischargeable Judgment shall be deemed fully satisfied.

5. This Term Sheet may be subject to the execution of a formal settlement agreement and may be subject to the approval of the Bankruptcy Court. Nevertheless, the Parties agree to be bound by this Term Sheet and they each authorize the mediator to testify about this Term Sheet and the existence of this settlement, this Term Sheet, its terms and the fact that there is an agreement to settle this case in accordance with the terms contained herein.

6. PDF signatures shall be considered an original and this document may be signed in counterparts and this Term Sheet shall only be effective upon receipt by the mediator of signatures of all Parties set forth below.

MOTOWN BATTERY COMPANY, INC.

By: ______________________
Christopher Miltimore
Plaintiff

______________________
Leighann Moss
Counsel for Plaintiff

______________________
Christopher Mark Gelineau
Defendant

______________________
Hillary Anne Gelineau
Defendant

______________________
Edward Gudeman
Counsel for Defendants

Dated: June 4, 2026

{01172980.1}

**EXHIBIT B**

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF OAKLAND

MOTOWN BATTERY COMPANY, INC,
a Michigan corporation,
Plaintiff,

Case No. 24-211656-CB
Hon. Michael Warren

v.

CHRISTOPHER GELINEAU and HILLARY GELINEAU,
jointly and severally, and
DETROIT BATTERY COMPANY, LLC,
a Michigan limited liability company,
Defendants.

______________________________________________________________________/


Leigh Moss (P51352)
Moss Law, PLC
Attorney for Plaintiff
4190 Telegraph Rd., Suite 3000
Bloomfield Hills, MI 48302
(248) 847-3555
lmoss@mosslawplc.com

Edward Gudeman (P14454)
Gudeman & Associates, PC
Attorneys for Defendants
401 N. Main St.
Royal Oak, MI 48067
(248) 546-2800
egudeman@gudemanlaw.com


______________________________________________________________________/

**STIPULATED ORDER REOPENING CASE**
**FOR PURPOSE OF ENTRY OF CONSENT JUDGMENT**

At a session of said Court, held in the City of Pontiac,
County of Oakland, State of Michigan,

ON: ________________________________________
PRESENT:HON: ____________________________
CIRCUIT COURT JUDGE

It is hereby stipulated by the Parties hereto, through their respective counsel of record, that in accordance with the terms of the Parties' Consent Judgment of Nondischargeability in Chapter 7 Bankruptcy Case No. 25-45419 in the Eastern District of Michigan entered on __________________________, 2026 attached here as Exhibit A; the Court's Order of Dismissal of Adversary Proceeding No. 25-04170 dated __________________________, 2026 and attached

as Exhibit B; and the agreement of the Parties described in the attached Term Sheet dated June 4, 2026, also attached as Exhibit A; and the Court being otherwise fully advised in the premises;

**IT IS HEREBY ORDERED:**

1. The case is reopened pursuant to the terms of MCR 2.602(B) for the purposes of entering and enforcing this Stipulated Order and Consent Judgment.

2. No additional notice to the opposing party of submission for entry is required (as the time to cure any breach has passed), and submission of this Stipulated Order and Consent Judgment to the court for entry shall serve to re-open the prior case if closed.

3. A Consent Judgment is entered in this case in favor of Plaintiff Motown Battery Company, Inc. and against Defendant Hillary Anne Gelineau in the amount of $150,000.00; less payments made by Defendant to Plaintiff pursuant to the Term Sheet in the amount of $______________________; for a total amount owed as of ____________________, 20_______, in the amount of $_______________________.

4. In accordance with state law, interest shall accrue and compound annually on the Consent Judgment from the date this Order is entered until paid in full.

5. Plaintiff's costs for collection and enforcement and actual attorney fees shall continue to accrue on the Consent Judgment until paid in full.

6. Plaintiff's current costs for collection and enforcement are $ _________________; and current attorney fees are $________________.

**7. The total Consent Judgment amount currently owed (paragraphs 3 and 6) and entered against Defendant Hillary Anne Gelineau is $__________________________.**

8. This Consent Judgment is nondischargeable pursuant to 11 U.S.C. Sec. 523 in the above-referenced Bankruptcy Case, and any other subsequent Bankruptcy proceeding filed by

Defendants Hillary Anne Gelineau and Christopher Mark Gelieau. Accordingly, enforcement of this Consent Judgment shall not be stayed by the filing of a subsequent Bankruptcy proceeding.

9. Any appeal rights of Defendants Hillary Anne Gelineau and Christopher Mark Gelieau with respect to this Stipulated Order and Consent Judgment are waived.

**IT IS SO ORDERED.**

DATED: ______________________

______________________________________
JUDGE
Circuit Court Judge

It is so Stipulated and agreed:

*/s/ Leigh D. Moss*
Leigh Moss (P51352)
Moss Law, PLC
Attorney for Plaintiff
4190 Telegraph Rd., Suite 3000
Bloomfield Hills, MI 48302
(248) 847-3555
lmoss@mosslawplc.com

Dated: July 22, 2026

*/s/ Edward J. Gudeman*
Edward J. Gudeman (P14454)
Gudeman & Associates, PC
Attorney for Defendants
401 N. Main St.
Royal Oak, MI 48067
ejgudeman@gudemanlaw.com
(248) 546-2800

Dated: July 22, 2026

*/s/ Hillary Anne Gelineau*
Hillary Anne Gelineau
with consent and approval July 22, 2026